IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL JOE CRAMER,

    Plaintiff,

v.                     Criminal Action No.: 5:17–CV-186

STATE OF WEST VIRGINIA,

    Defendant.

## REPORT AND RECOMMENDATION

**I. BACKGROUND**

On December 19, 2017, the *pro se* Plaintiff initiated this case by filing a civil rights complaint against the State of West Virginia pursuant to 42 U.S.C. § 1983. Liberally construed, the Plaintiff is alleging the State of West Virginia has twice filed the same charges against him, which he says constitutes double jeopardy and is a violation of his right to due process. On January 8, 2018, an order was entered granting the Plaintiff leave to file without prepayment of fees. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e).[1]

**II. THE PLAINTIFF'S CONTENTIONS**

---

[1] 28 U.S.C. §1915(e)(2)(B) states:

```
Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court
determines that...
        (B) the action or appeal-
            (i)   is frivolous or malicious;
            (ii)  fails to state a claim on which relief may be granted;
            or
            (iii) seeks monetary relief against a defendant who is
            immune from such relief.
```

Construing his complaint liberally, the Plaintiff alleges that in December of 2016, he was arrested in Belmont County, Ohio based on a warrant from Ohio County, West Virginia. The Plaintiff alleges he was released on January 4, 2017, 30 days after his arrest, and was never taken to West Virginia during that time. Upon his release, he was told that the warrant from Ohio County, West Virginia, which Plaintiff says was the basis for him being held for 30 days, was still active, and that if he were to go to West Virginia, he risked being arrested. The Plaintiff allegedly asked a deputy what would happen if he were to be pulled over in the state of Ohio. The deputy reportedly told him that the officer who pulled him over would see the warrant, check with Ohio County, West Virginia to see if they were going to come get him, then ultimately the officer would end up releasing him.

Despite allegedly being told this, the Plaintiff says that in early September of 2017, he was arrested at his home in Ohio pursuant to the same warrant and was again taken to Belmont County Jail in Belmont County, Ohio. Plaintiff alleges he then appeared before a Judge in Ohio, at which time the prosecutor told the Judge he was being held on the same warrant as before, and asked the Judge to grant him asylum. The Judge instead asked the prosecutor to find out from Ohio County, West Virginia whether they intended to extradite the Plaintiff. The Judge set a hearing date for four weeks later. Plaintiff next says that four weeks later, he was served with a requisition for a warrant from West Virginia.

The Plaintiff contends that if an individual is released from jail while being held on a detainer from another state, the state that issued the warrant must drop the warrant. Additionally, the Plaintiff argues that his being held for an estimated 150 days total on two separate occasions violates both his Fifth Amendment right to due process, and his constitutional protection against

double jeopardy. As a result he is asking for an order from the Court stating that the State of West Virginia must drop the charges against him, and is seeking monetary damages in the amount of $1,500,000 for lost wages as well as pain and suffering.

### III.  STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of cases brought *in forma pauperis* and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See Neitzke* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See Neitzke* at 327 and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations

in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

IV.   ANALYSIS

      42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. *Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982)

    In the instant case, the plaintiff does not name any person as a defendant, but instead, names the State of West Virginia. However, the State is not a "person" for purposes of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Accordingly, the Plaintiff fails to state a proper defendant, and therefore fails to state a claim upon which relief can be granted.

V.   RECOMMENDATION

For the above reasons, the Court recommends that the Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, the Plaintiff may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last know address as shown on the docket sheet. In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case until further order.

.**DATED**: June 12, 2018                                     /s/ *James E. Seibert*
                                                                              JAMES E. SEIBERT
                                                                              U.S. MAGISTRATE JUDGE