IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL JOE CRAMER,

       Plaintiff,

v.                                       Civil Action No. 5:17CV186
                                                  (STAMP)

STATE OF WEST VIRGINIA,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
DISMISSING THE PLAINTIFF'S COMPLAINT**

I.  Background

The pro se[1] plaintiff, a resident of Ohio, filed a complaint against the state of West Virginia pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, the plaintiff alleges that he was arrested in Belmont County, Ohio, based on a warrant from Ohio County, West Virginia. ECF No. 1-1 at 2. The plaintiff was held for thirty days and released, but told that the warrant was still active and warned not to go to West Virginia. ECF No. 1-1 at 2. He was later arrested in Belmont County under the same warrant and held for 120 days before being released. ECF No. 1-1 at 2. The plaintiff contends that this combination of arrests violated his due process rights and his constitutional protection against double jeopardy. ECF No. 1-1 at 2. The plaintiff argues that "when a

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

person is released from jail on a detainer from a demanding state the demanding state must drop the warrant." ECF No. 1-1 at 2. For relief, the plaintiff seeks to have Ohio County, West Virginia drop the arrest warrant and to be awarded $1,500,000 for lost wages and pain and suffering. ECF No. 1 at 9.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 7.02(c), this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation. ECF No. 11. In his recommendation, the magistrate judge found that under § 1983 the plaintiff must allege that a person acting under color of state law violated the plaintiff's rights guaranteed by the Constitution or federal law. ECF No. 11 at 4. However, under § 1983, the state of West Virginia is not a "person." ECF No. 11 at 4. Accordingly, the magistrate judge found that the complaint fails to state a claim and should be dismissed with prejudice. ECF No. 11 at 5.

The plaintiff did not file objections to the report and recommendation of the magistrate judge. For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 11) is affirmed and adopted. Therefore, the complaint (ECF No. 1) is dismissed.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

2

recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. <u>Discussion</u>

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. <u>United States v. Gypsum Co.</u>, 333 U.S. at 395. The magistrate judge properly reviewed the plaintiff's complaint to determine whether it was frivolous. A complaint is frivolous if "it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint is also frivolous if the plaintiff has little or no chance of success. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

In this civil action, the magistrate judge correctly held the <u>pro se</u> complaint to less stringent standards than those complaints drafted by attorneys. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, even liberally construed, the magistrate judge

correctly determined that the plaintiff's complaint fails to state a claim because it does not name a proper defendant. ECF No. 11 at 4. As the magistrate judge noted, a state cannot be sued under § 1983 because it is not a "person." ECF No. 11 at 4 (citing <u>Will v. Michigan Dep't Of State Police</u>, 491 U.S. 58 (1989)). Thus, the plaintiff cannot bring a § 1983 against the State of West Virginia.

Therefore, this Court finds that the findings of the magistrate are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. <u>Conclusion</u>

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 11) is AFFIRMED and ADOPTED. Accordingly, the plaintiff's complaint (ECF No. 1) is hereby DISMISSED WITH PREJUDICE. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 2, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE